UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VIRGINIA HALLMER,

    Plaintiff,

v.

THE LOCKFORMER COMPANY, a
division of MET-COIL SYSTEMS CORP.,
a Delaware corp., MESTEK, INC., a
Pennsylvania corp., and HONEYWELL
INTERNATIONAL INC., a Delaware corp.,

    Defendants.

No. 02 C 7066
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Virginia Hallmer alleges that due to the defendant corporations' negligence, she was exposed to the industrial solvent trichloroethylene ("TCE") and developed peripheral neuropathy and other health ailments as a result of that exposure. After several years of litigation, Hallmer and other plaintiffs alleging similar injuries reached a settlement with two of the three corporations named as defendants in the suit: The Lockformer Company ("Lockformer"), a division of Met-Coil Systems Corp. ("Met-Coil"), and Mestek, Inc. ("Mestek"). The only remaining Defendant, Honeywell International, Inc., ("Honeywell"), now seeks summary judgment on the ground that Hallmer has not disclosed and cannot offer competent medical opinion evidence establishing a causal connection between her illnesses and her alleged TCE exposure.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R.*

*Civ. P. 56(c)*. A genuine issue of material fact exists when there is evidence on the basis of which a reasonable jury could find in the plaintiff's favor, allowing for all reasonable inferences drawn in a light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rule 56(c) requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Despite Hallmer's vigorous efforts to ensure that Defendant Honeywell remained a party to the suit,[1] she failed to file a response to Honeywell's Motion for Summary Judgment or a Statement of Material Facts pursuant to Local Rule 56.1. The result of this failure is dire, as all of Defendant's facts are deemed admitted. *L.R. 56.1(b)(3)(B); see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted"). Hallmer's failure to respond is all the more troublesome given the state of the record. Hallmer withdrew her sole medical causation expert, Dr. Alan Hirsch, after Defendants objected to Dr. Hirsch's qualifications at the close of discovery.[2]

---

[1] On September 22, 2004, I entered an order finding a good faith settlement between Plaintiff and Defendants MetCoil and Mestek. Defendant Honeywell was not a party to the settlement. Nonetheless, on November 22, 2004, I entered an order dismissing the case with prejudice. Shortly thereafter, Hallmer moved to amend the November 22 dismissal order pursuant to Rule 60, arguing that the inclusion of Defendant Honeywell in the order was an inadvertent mistake. After hearing oral arguments, I agreed with Hallmer, granted her Rule 60 motion, and set a briefing schedule for Defendant Honeywell's Renewed Motion for Summary Judgment.

[2] Defendants moved to exclude Dr. Hirsch after discovery ended. Hallmer did not respond in writing, but withdrew Dr. Hirsch as an expert witness at an October, 2003 hearing. In

2

Defendant Honeywell argues that absent expert testimony, Hallmer has no admissible evidence that might demonstrate a causal link between her injury and Defendant's alleged conduct.

In her Complaint, Hallmer seeks compensation for her injuries, for her alleged increased risk of other ailments, and her fear of contracting cancer. A plaintiff in a negligence action bears the burden of proving duty, breach of duty, proximate causation and damages. *Brown v. Baker*, 672 N.E.2d 69, 71 (Ill. App. Ct. 1996). Generally, a plaintiff must establish proximate cause in a personal injury action through the admissible testimony of an expert witness. *Kane v. Motorola, Inc.*, 779 N.E.2d 302, 310 (Ill. App. Ct. 2002) ("plaintiffs . . . must come forward with scientific evidence regarding causation to preclude the entry of summary judgment"); *Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) ("[u]nder Illinois law, to serve as the sole basis for a conclusion that an act was the proximate cause of the plaintiff's injury, an expert must be able to testify with a reasonable degree of medical certainty that proximate cause existed"). Summary judgment for the defendant is appropriate when a plaintiff cannot prove proximate cause. *Kane*, 779 N.E.2d at 310-11; *Wintz*, 110 F.3d at 515-16.

Hallmer claims that her peripheral neuropathy was caused by TCE exposure, but offers no evidence to that effect. Without Dr. Hirsch's testimony, Hallmer's sole medical testimony is that of her treating physicians, Drs. Larsen and Graham. Dr. Larsen, a neurologist, first examined Hallmer in May, 2001. It is his opinion that Hallmer's peripheral neuropathy is caused by connective tissue disease. He does not hold an opinion based on a reasonable degree of medical

---

November, Hallmer sought leave to supplement her Rule 26(a)(2) disclosures in order to add another expert. I granted the motion, but almost immediately vacated the ruling on Defendant Mestek's motion. Thereafter, expert discovery was stayed while the parties pursued settlement. Since Defendant Honeywell renewed its motion for summary judgment, Hallmer has not sought leave to disclose an expert witness.

certainty concerning the cause of her connective tissue disease. Consequently, he will not offer the opinion that her disease and the associated neuropathy are caused by TCE. Dr. Graham is a rheumatologist who has cared for Hallmer since October, 1999. It is his opinion that Hallmer suffers from a connective tissue disease most probably caused by an evolving auto-immune disease. He has not determined the cause of Hallmer's connective tissue disease and will therefore not offer an opinion based on a reasonable degree of medical certainty establishing a causal connection between Hallmer's connective tissue disease and alleged TCE exposure. There is no other evidence in the record before me that raises a genuine issue of material fact with respect to the proximate cause of Hallmer's condition.

In *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607 (7th Cir. 1993), the plaintiff administratrix filed suit against drug manufacturers, alleging that the defendants' drugs had caused the decedent's renal failure and death. The defendants successfully moved for summary judgment after the district court excluded the plaintiff's expert witness pursuant to *Daubert*. Affirming the district court's decision, the Court of Appeals of the Seventh Circuit held that the district court correctly concluded that "expert testimony is necessary to determine the cause of Mr. Porter's renal failure." *Id.* at 612 (observing first that under Indiana law, a plaintiff "must prove every element of a prima facie case, including causation"). As with the plaintiff in *Porter*, Hallmer's failure to offer expert testimony establishing Defendant's conduct as the proximate cause of her peripheral neuropathy warrants summary judgment of this claim.

Hallmer also seeks damages for the alleged increased risk of developing cancer in the future as a result of her exposure to TCE. Illinois law now recognizes a cause of action for the increased risk of future harm. *See Dillon v. Evanston Hosp.*, 199 Ill. 2d 483 (2002). A plaintiff

4

who seeks damages for the increased risk of future injury must "prove that the defendant's negligence increased the plaintiff's risk . . . ". *Id.* at 504. *See also Liebig-Grigsby v. United States*, No. 00 C 4922, 2003 U.S. Dist. LEXIS 3682 at *49-51 (N.D. Ill. Mar. 11, 2003) (declining to award damages for risk of future complications when plaintiff "offered no proof of this risk"). I have already ruled that by failing to respond to Defendant's motion for summary judgment, Hallmer cannot prove that Defendant's actions proximately caused her present injury. Similarly, there are no facts in the record before me that establish Defendant's actions as the proximate cause of Hallmer's increased risk of future harm. Moreover, the excerpts of Dr. Larsen's and Dr. Graham's deposition testimony fail to discuss either Hallmer's risk of future injury or the reasonable probability that Defendant's actions increased her risk of suffering future injury.[3] Defendant is entitled to summary judgment on this claim.

Finally, Hallmer seeks compensation for her fear of future injury. Under Illinois law, a plaintiff alleging a fear of future injury as a result of exposure to a toxic substance must establish actual exposure to the harmful agent. *See Majca v. Beekil*, 183 Ill. 2d 407, 420 (1998). In her Complaint, Hallmer alleges that she consumed contaminated groundwater from the well on her property. Because of Hallmer's failure to respond to Defendant's Motion for Summary Judgment and to submit a Rule 56.1 Statement of Material Facts, there are no facts in the record

---

[3]In his deposition, Dr. Graham discussed the evolution of Hallmer's condition, stating that "I thought it was possible that she may have had an autoimmune connective tissue process in evolution and that these diseases are often very slow in evolution." Dr. Graham went on to address the typical development of this condition among patients and offered his opinion that Hallmer has "an evolving autoimmune disease." Nonetheless, the excerpted testimony does not specifically address Hallmer's risk of future injury as a result of Defendant's alleged conduct.

before me to support her allegation of actual exposure to TCE. Defendant is entitled to summary judgment on this claim.

For these reasons, Defendant Honeywell's Motion for Summary Judgment as to all claims is GRANTED.[4]

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 2, 2005

---

[4] It is true that two Defendants settled with Plaintiff on the basis of the same allegations made here. Some may believe that because the other Defendants settled there must be at least some evidence to prove the validity of Plaintiff's claims. But this is not so. Defendants routinely settle suits that they might otherwise win and they do so for a variety of reasons. Moreover, even if a court could draw an inference from the actions of a settling defendant that there was a good basis in fact for a plaintiff's claim, the law has turned its face from such inferences by requiring that the case against each defendant be decided on its own merits. Cases such as this one are really three separate lawsuits, and Plaintiff must prove her case against each Defendant individually.